**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ROSETTA GENOMICS, INC.,<br><br>                Debtor. | Chapter 7<br><br>Case No. 18-11316 (LSS)<br><br>Hearing Date: 09/15/2019 @ 2:30 p.m. (ET)<br>Obj. Deadline: 09/02/2019 @ 4:00 p.m. (ET) |

**MOTION OF SABBY HEALTHCARE MASTER FUND, LTD. AND SABBY VOLATILITY WARRANT MASTER FUND, LTD. FOR ENTRY OF AN ORDER DIRECTING DISCOVERY FROM GENOPTIX, INC. PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Sabby Healthcare Master Fund, Ltd ("Sabby Healthcare") and Sabby Volatility Warrant Master Fund, Ltd. ("Sabby Volatility" and together with Sabby Healthcare, "Sabby"), by and through undersigned counsel, respectfully request (this "Motion") that this Court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), enter an order (the "Order"), attached hereto as **Exhibit A**, authorizing Sabby to: (a) serve requests for the production of documents and tangible things; (b) conduct examinations and (c) serve related subpoenas to the extent required pursuant to Bankruptcy Rule 9016, upon Genoptix, Inc. ("Genoptix"). In support of this Motion, Sabby respectfully states:

**JURISDICTION AND VENUE**

1. The Debtors commenced this case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on May 31, 2018 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

4.      Sabby requests that this Court enter the Order (i) authorizing Sabby to serve requests for the production of documents and tangible things set forth on **Exhibit B** attached hereto (the "Requested Documents") upon Genoptix; (ii) authorizing the in-person examination of Genoptix on the topics listed in **Exhibits C** hereto; and (iii) authorizing Sabby to serve subpoenas upon Genoptix accordance with Bankruptcy Rule 9016.

**FACTUAL BACKGROUND**

A.  The Debtor Induced Sabby to Invest

5.      Sabby is party to various debenture agreements and related documents with the Debtor.  On account of these agreements, Sabby has filed claims (Claim Numbers 7-1 and 8-1) against the Debtor exceeding $3.2 million in principal.  These amounts represent the largest non-insider claims filed against the Debtor.

6.      As further set forth in the Declaration of Robert Grundstein dated August [    ], 2019 (the "Gr. Dec.") filed contemporaneously herewith,  Sabby believes it was defrauded by the Company and its officers and directors in connection with various transactions, including the proposed merger transactions with Genoptix and the sales of debentures that preceded this proposed merger transaction. *See* Gr. Dec. ¶ 3.  To convince Sabby to agree to the various multi-step transactions with Genoptix, the Company and certain of its officers and directors induced Sabby to make significant equity investments in the Company (in addition to the prior debenture investments), including purchasing shares in the open market to support the merger transactions when initial shareholder approvals for the merger with Genoptix were not obtained in late 2017. *See id.*

7.      After failing to obtain shareholder approval in 2017 for the merger with Genoptix, in connection with a newly signed Merger Agreement announced on February 27, 2018, on or

around March 2, 2018, the Company sold certain valuable assets to Genoptix, as a first step to the merger transaction (the "Step One Transfer"). *See id.* ¶ 4.

8. The Company disclosed that the completion of the second attempted merger would be on or about May 27, 2018, assuming shareholder approval for the merger was obtained. Sabby was induced by virtue of false and misleading statements to purchase shares and support the Merger to ensure that, unlike the 2017 attempt which did not win shareholder approval, the second attempted merger would receive shareholder approval. *See id.* ¶ 5. With Sabby's support, the second Merger was approved.

9. After obtaining shareholder approval for the Merger, on or around May 30, 2018, the Company revealed that a dispute arose and that Genoptix refused to provide assurances that it intended to complete the transaction due to an undisclosed "material adverse effect." *See id.* ¶ 6.

10. Rather than attempt to save the Merger or dispute that any "material adverse effect" occurred, on June 1, 2018, the Company abruptly filed this chapter 7 case. No attempt at saving the Company or protecting its creditors was considered or attempted. Upon information and belief, it appears that the reason for the merger being terminated was a result of widespread accounting irregularities, including inflating reimbursement rates and revenues for certain tests. *See id.* ¶ 7. Upon information and belief, these fraudulent billing and accounting practices began prior to Sabby being sold and issued debentures by the Company. *See id.*

11. Without limitation, Sabby as a creditor seeks an examination of Genoptix with respect to issues concerning:

- The Step One Transfer and the proposed merger transactions;

- The Debtor's materially false statements and defrauding the Sabby Funds including through false filings;

- The reasons for the termination of the merger of and the basis for Genoptix issuing the "material adverse effect" notice and electing not to proceed under the merger; and

- Information in Genoptix's possession, custody or control concerning the Debtor's Medicare billing and reimbursement requests for its various tests and services.

## **BASIS FOR RELIEF**

12. Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides, in turn, that an examination under Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) further provides that an examination under Rule 2004 may relate to:

> [T]he acts, conduct, or property or to the liabilities and financial condition of the debtor, or to *any matter which may affect the administration of the debtor's estate*, or to the debtor's right to a discharge. . . . and *any other matter relevant to the case* . . . .

Fed. R. Bankr. P. 2004(b) (*emphasis* added); *In re Pan Am. Hosp. Corp.*, No. 04-11819, 2005 Bankr. LEXIS 734, at *14 (Bankr. S.D. Fla. Feb. 25, 2005) (holding "[t]he acts and conduct that [the] Debtor's management engages in … are undoubtedly 'matters which may affect the administration' of the estate").

13. A Rule 2004 inquiry is "broad and unfettered." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (citations omitted); *accord In re Wash. Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) ("The scope of a Rule 2004 examination is unfettered and broad.") (internal quotation marks and citations omitted); ¶ 2004.01 (16th ed. 2018) ("The scope of a Rule 2004 examination is exceptionally broad[.]"). As one court explained it: "The understanding generally acceptable today is that the scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil

Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (citations omitted); *accord In re Larkham*, 24 B.R. 70, 71-72 (Bankr. D. Vt. 1982) ("[t]he scope of examination is extremely broad and … It is in the nature of an inquisition and consequently the field of inquiry is wide . . . .").

14. Rule 2004 thus permits a party to undertake a broad inquiry and "has been likened to a 'fishing expedition' and 'an inquisition.'" *Millennium Lab*, 562 B.R. at 626; *accord In re Wash. Mut.*, 408 B.R. at 50 ("A Rule 2004 examination is commonly recognized as more in the nature of a fishing expedition.") (internal quotation marks and citations omitted). Courts have allowed examination of both debtors and any third party who can be shown to have had dealings with the debtor. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citing *Air Line Pilots Assoc., Int'l v. Am. Nat'l Bank & Trust Co. Of Chi. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993)).

15. In deciding whether to permit Rule 2004 discovery, courts "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Drexel Burnham Lambert Grp.*, 123 B.R. at 712. The purpose of the request and its degree of intrusiveness are relevant to this determination. *Id.* at 711-12; *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (S.D. W. Va. 1984).

16. As the estate's largest non-insider creditor, Sabby submits that examination of the Genoptix is appropriate and warranted. It is inescapable that its financial condition and bankruptcy filing appears to be based upon potentially serious breaches of duties and is intertwined with the purported transaction with Genoptix and reasons why the merger was never consummated.

**CERTIFICATION OF CONFERENCE**

17. In accordance with Local Rule 2004-1, prior to filing this Motion, on July 17, 2019, counsel to Sabby first attempted to confer with counsel for the Debtor and for Genoptix to arrange for a cooperative document production and examination pursuant to Rule 2004. After several weeks of communications among counsel, Genoptix had not indicated consent.

## **RESERVATION OF RIGHTS**

18. Sabby reserves all rights to request, pursuant to Rule 2004 or otherwise, additional documents or examination of any person or entity, including the Debtor and Genoptix.

## **NOTICE**

19. Notice of this Motion will be provided pursuant to Local Rule 2004-1 to the following parties, through their counsel, if represented: (a) counsel to the Chapter 7 Trustee; (b) counsel to the Debtor; (c) counsel to Genoptix; (d) the Office of the United States Trustee; and (e) all parties requesting notice pursuant to Rule 2002.

## **CONCLUSION**

**WHEREFORE**, Sabby respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the Motion and such other relief as this Court deems just and proper.

[*Signature page follows*.]

Dated: Wilmington, Delaware
       August 19, 2019

**THE ROSNER LAW GROUP LLC**

By: */s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
           liu@teamrosner.com

    and

OLSHAN FROME WOLOSKY LLP
Adam H. Friedman
1325 Avenue of the Americas
New York, New York 10019
Tel: 212 451-2300
Fax: 212 451-2222
jkoevary@olshanlaw.com

*Attorneys for Sabby Healthcare Master Fund, Ltd. and Sabby Volatility Warrant Master Fund, Ltd.*