# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ROSETTA GENOMICS, INC., <br><br> Debtor. | Chapter 7 <br><br> Case No. 18-11316 (LSS) <br><br> **Hearing Date: November 12, 2020 at 12:00 p.m. (ET)** <br> **Objections Due: October 7, 2020 at 4:00 p.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for Rosetta Genomics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> HA+|W Aprio | Adv. Proc. No. 20-50606 (LSS) |
| Independence Blue Cross, LLC | Adv. Proc. No. 20-50607 (LSS) |
| Robert Half International, Inc. d/b/a OfficeTeam | Adv. Proc. No. 20-50609 (LSS) |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE,
TO APPROVE SETTLEMENT OF CERTAIN PREFERENCE AND/OR FRAUDULENT
TRANSFER CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of settlement of certain claims for avoidance and recovery of allegedly preferential and/or fraudulent transfers. In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§

{01610145;v1 }

157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.      The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a) and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3.      On May 31, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4.      Thereafter, Don A. Beskrone was appointed to serve as the interim chapter 7 trustee in this case. On July 18, 2018, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) [Docket No. 30], and the Trustee now serves as the permanent trustee of this case pursuant to 11 U.S.C. § 702(d).

5.      The Trustee is in the process of investigating the Debtor's assets with the intent of maximizing value for the benefit of creditors.

6.      The Trustee and his professionals have reviewed transfers made by the Debtor on or within the 90 days before the Petition Date (the "Preference Period"), and have identified potential claims (the "Claims") to avoid and recover the certain transfers pursuant to sections 547, 548, and 550 of the Bankruptcy Code. The Trustee issued a number of demand letters (the "Demand Letters") and/or filed a number of complaints (the "Complaints") against alleged recipients of preferential and/or fraudulent transfers within the Preference Period.

7.      Subsequent to filing the Complaints and/or issuing the Demand Letters, the Trustee engaged in discussions and/or settlement communications with Aprio, LLP, captioned as HA+|W

Aprio ("Aprio"), Independence Blue Cross, LLC ("Blue Cross") and Robert Half International, Inc. d/b/a OfficeTeam ("Robert Half," and together with the other settling parties, the "Settling Parties"). After review and analysis of the positions and/or defenses set forth by the Settling Parties, and after good faith, arms-length negotiations, the Trustee and Settling Parties have agreed to settle (the "Settlements") the Trustee's Claims against the Settling Parties in accordance with the terms summarized below and set forth in the settlement agreement (the "Settlement Agreements") attached hereto as **Exhibits A-C**. By this Motion, the Trustee seeks approval of the Settlement pursuant to Fed.R.Bankr.P. 9019(a).

### BASIS FOR RELIEF

8. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

9. When analyzing settlements, Courts in the Third Circuit generally consider:

- the probability of success in litigation;
- the likely difficulties in collection;
- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- the paramount interest of the creditors.

*See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania*

*Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

## RELIEF REQUESTED

10. The Trustee respectfully requests approval of the Settlement of the Trustee's Claims against the Settling Parties.

11. The Trustee's demand against Aprio was for $17,604.96 and the claim was resolved for a settlement amount of $10,000.00 after considering Aprio's positions and potential defenses pursuant to section 547(c) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Aprio is attached hereto as **Exhibit A.**

12. The Trustee's demand against Blue Cross was for $74,049.72 and the claim was resolved for a settlement amount of $10,000.00 after considering Blue Cross's positions and potential defenses pursuant to section 547(c) of the Bankruptcy Code, including the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Blue Cross is attached hereto as **Exhibit B.**

13. The Trustee's demand against Robert Half was for $16,212.96 and the claim was resolved for a settlement amount of $1,681.83 after considering Robert Half's positions and potential defenses pursuant to section 547(c) of the Bankruptcy Code, including the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Robert Half is attached hereto as **Exhibit C.**

14. The Trustee respectfully submits that the terms of the Settlement Agreements satisfy the criteria for approval under Rule 9019. First, the Trustee negotiated at arms-length with the Settling Parties. The Trustee believed that he stated meritorious claims against the Settling Parties. However, there was attendant risk and cost associated with pursuing the claims, and no assurance that the Court

would find in favor of the Trustee for all or a significant portion of the amounts sought. In light of the foregoing, the Trustee believes the Settlements represents a reasonable and fair resolution of the estate's Claims against the Settling Parties.

15. The second criterion – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against the Settling Party. However, the Settlements remove uncertainty of collection as the Settling Parties have furnished, or promised to furnish, the consideration for settlement as a condition of settlement.

16. The third criterion also favors settlement. Settlement will enable the Trustee and the Settling Parties to save the time and expense associated with litigation of the Claims.

17. Finally, the creditors of the Debtor's estate will receive benefits from the Settlements as a result of the settlement payments by the Settling Parties of $10,000, $10,000, and $1,681.83.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Court enter an Order in the form attached hereto approving the Settlements and granting such other relief as the Court deems just and proper.

Dated:  September 23, 2020               ASHBY & GEDDES, P.A.

                                                  */s/ Benjamin W. Keenan*
Ricardo Palacio (#3765)
Benjamin W. Keenan (#4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
bkeenan@ashbygeddes.com

*Counsel for Don A. Beskrone,*
*Chapter 7 Trustee*