# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ROSETTA GENOMICS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11316 (LSS)<br><br>**Hearing Date: 12/10/20 at 10:00 a.m. (ET)**<br>**Objections Due: 11/23/20 at 4:00 p.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for Rosetta Genomics, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Donna June Kitts, as Trustee of the Donna June Kitts Revocable Trust Dated April 10, 2006 | Adv. Proc. No. 20-50616 (LSS) |
| Rosetta Genomics, Ltd., | Adv. Proc. No. 20-50618 (LSS) |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE,
TO APPROVE SETTLEMENT OF CERTAIN PREFERENCE AND/OR FRAUDULENT
TRANSFER CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of settlement of certain claims for avoidance and recovery of allegedly preferential and/or fraudulent transfers. In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a) and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. On May 31, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. Thereafter, Don A. Beskrone was appointed to serve as the interim chapter 7 trustee in this case. On July 18, 2018, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) [Docket No. 30], and the Trustee now serves as the permanent trustee of this case pursuant to 11 U.S.C. § 702(d).

5. The Trustee is in the process of investigating the Debtor's assets with the intent of maximizing value for the benefit of creditors.

6. The Trustee and his professionals have reviewed transfers made by the Debtor on or within the 90 days before the Petition Date (the "Preference Period"), and have identified potential claims (the "Claims") to avoid and recover the certain transfers pursuant to sections 547, 548, and 550 of the Bankruptcy Code. The Trustee issued a number of demand letters (the "Demand Letters") and/or filed a number of complaints (the "Complaints") against alleged recipients of preferential and/or fraudulent transfers within the Preference Period.

7. Subsequent to filing the Complaints and/or issuing the Demand Letters, the Trustee engaged in discussions and/or settlement communications with Rosetta Genomics, Ltd., ("RGL") and Donna June Kitts, as Trustee of the Donna June Kitts Revocable Trust Dated April 10, 2006 ("Kitts", and together with RGL, the "Settling Parties").

8. After review and analysis of the claims, positions and/or defenses set forth by the the Settling Parties, and after good faith, arms-length negotiations, the Trustee and Settling Parties have agreed to settle (the "Settlements") the Trustee's Claims in accordance with the terms summarized below and set forth in the settlement agreements (the "Settlement Agreements") attached hereto as **Exhibit A and B**. By this Motion, the Trustee seeks approval of the Settlements pursuant to Fed.R.Bankr.P. 9019(a).

## BASIS FOR RELIEF

9. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

10. When analyzing settlements, Courts in the Third Circuit generally consider:

- the probability of success in litigation;

- the likely difficulties in collection;

- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

- the paramount interest of the creditors.

*See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*,

91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

## RELIEF REQUESTED

11. The Trustee respectfully requests approval of the Settlements of the Trustee's Claims against the Settling Parties.

12. RGL is the Debtor's parent company. The Trustee sought to avoid and recover an intercompany transfer by the Debtor to RGL in the amount of $1,200,000 pursuant to sections 547, 548 and 550 of the Bankruptcy Code, as well as to disallow RGL's intercompany claim (the "Intercompany Claim") against the Debtor in the amount of $48,638,331.73 pursuant to section 502(d) of the Bankruptcy Code. The Trustee's claim was resolved in return for RGL's agreement to the disallowance of its Intercompany Claim against the Debtor. A copy of the Trustee's Settlement Agreement with RGL is attached hereto as **Exhibit A**.

13. The Trustee's demand against Kitts was for $100,000 and the claim was resolved in return for a settlement amount of $18,000 after considering Kitts' positions and defenses including whether the Trustee could meet his burden under section 547(b)(5) of the Bankruptcy Code and the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Kitts is attached hereto as **Exhibit B.**

14. The Trustee respectfully submits that the terms of the Settlement Agreements satisfy the criteria for approval under Rule 9019. First, the Trustee negotiated at arms-length with the Settling Parties. There was attendant risk and cost associated with both the Trustee's claims against the Settling Parties, and no assurance that the Court would find in favor of the Trustee on his claims against the Settling Parties. In light of the foregoing, the Trustee believes the Settlements represent a

reasonable and fair resolution of the claims.

15. The second criterion – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against the Settling Parties. However, the Settlements removes uncertainty of collection as the Settling Parties have provided, or agreed to provide, the consideration for the Settlements.

16. The third criterion also favors settlement. The Settlements will enable the Trustee and the Settling Parties to save the time and expense associated with litigation of the Claims.

17. Finally, the creditors of the Debtor's estate will receive benefits from the Settlement as a result of the disallowance of RGL's $48,638,331.73 Intercompany Claim and Kitts' payment of the settlement amount of $18,000.00.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Court enter an Order in the form attached hereto approving the Settlements and granting such other relief as the Court deems just and proper.

Dated: November 9, 2020                            ASHBY & GEDDES, P.A.

                                                      */s/ Benjamin W. Keenan*
                                                      Ricardo Palacio (#3765)
                                                      Benjamin W. Keenan (#4724)
                                                      500 Delaware Avenue, 8th Floor
                                                      P.O. Box 1150
                                                      Wilmington, Delaware 19899
                                                      (302) 654-1888
                                                      bkeenan@ashbygeddes.com

                                                      *Counsel for Don A. Beskrone,*
                                                      *Chapter 7 Trustee*