**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| ROSETTA GENOMICS, INC., ) | Case No. 18-11316 (LSS) |
| ) | |
| Debtor. ) | **Hearing Date: December 10, 2020 at 10:00 a.m. (ET)** |
| ) | **Objections Due: December 3, 2020 @ 4:00 p.m. (ET)** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE,**
**TO APPROVE SETTLEMENT WITH GENOPTIX, INC. PURSUANT TO**
**BANKRUPTCY PROCEDURE 9019**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor"), by and through his undersigned counsel, hereby moves the Court (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of a settlement with Genoptix, Inc. ("Genoptix", together with the Trustee, the "Parties"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Court") has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a) and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

3. On May 31, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. On the same date, Rosetta Genomics, Ltd. ("RGL."), an Israeli company that is the Debtor's parent, filed for liquidation in Israel before the District Court in Lod (the "Israeli Court"). On June 7, 2018, the Israeli Court appointed Teddy Erez as the Israeli Liquidator (the "Israeli Liquidator") to serve as liquidator of RGL and Amit Pines now serves as the Israeli Liquidator as the successor to Teddy Erez.

5. Don A. Beskrone was appointed to serve as the interim chapter 7 trustee in the Debtor's bankruptcy case. On July 18, 2018, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a) [Docket No. 30], and the Trustee now serves as the permanent trustee of this case pursuant to 11 U.S.C. § 702(d).

6. The Trustee is in the process of investigating the Debtor's assets with the intent of maximizing value for the benefit of creditors.

7. In connection with his investigation, the Trustee has learned that during the periods preceding and following the Petition Date, as the case may be, (i) the Debtor made certain transfers to or for the benefit of Genoptix (the "Transfers"), and (ii) Genoptix, RGL and Stone Merger Sub Ltd. entered into that certain *Agreement and Plan of Merger* dated as of February 28, 2018 (as may be amended) regarding, among other things, a proposed merger and corporate reorganization (the "Merger").

8. Among other things, the Trustee asserts (i) that certain or all of the Transfers are

subject to avoidance and/or recovery under various sections of Chapter 5 of the Bankruptcy Code, including, without limitation, Sections 544, 547, 548 and 550, and otherwise applicable nonbankruptcy law (the "Chapter 5 Claims"), and (ii) that the Trustee, on behalf of the Debtor and its estate, holds viable claims against Genoptix regarding, concerning or in connection with the Merger (the "Merger Claims", and together with the Chapter 5 Claims, the "Trustee Claims").

9. On the other hand, Genoptix asserts certain claims against the Debtor and its estate. Genoptix timely filed proof of claim number 21 (the "Genoptix Claim") against the Debtor asserting a secured claim in a principal amount of not less than $1.2 million pursuant to a loan and security agreement dated December 14, 2017 (as later amended, the "Loan and Security Agreement"). Based upon the Loan and Security Agreement and related documents (collectively, the "Loan Documents"), Genoptix asserts that it holds a properly perfected, first priority lien (the "Genoptix Lien") secured by all of the Debtor's property except for certain excluded collateral (collectively, the "Genoptix Collateral").

10. Among its Collateral, Genoptix asserts a security interest in two deposit accounts (the "Accounts") held by the Debtor with Bank Leumi USA ending in account numbers 8918 and 8925, respectively. On information and belief, the Accounts currently hold in excess of $400,000.00.

11. The Trustee engaged in discussions and settlement communications with Genoptix. After review and analysis of the positions and/or defenses set forth by the Genoptix, and after good faith, arms-length negotiations, the Trustee and Genoptix have agreed to settle (the "Settlement") the Trustee Claims and the Genoptix Claim in accordance with the terms summarized below and set forth in the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit A**. By this Motion, the Trustee seeks approval of the Settlement pursuant to Fed.R.Bankr.P. 9019(a).

**BASIS FOR RELIEF**

12. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

13. When analyzing settlements, Courts in the Third Circuit generally consider:

- the probability of success in litigation;
- the likely difficulties in collection;
- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- the paramount interest of the creditors.

*See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

**RELIEF REQUESTED**

14. The Trustee respectfully requests approval of the Trustee's Settlement with Genoptix.

15. The Trustee's believes he has valid claims against Genoptix for, among other things, the Merger Claims and the Chapter 5 Claims. In turn, Genoptix asserts a secured claim of no less than $1.2 million against the Debtor pursuant to its Loan and Security Agreement. In settlement of their claims against one another, the Parties have agreed that the Trustee shall pay $60,000.00 to

Genoptix in full and final settlement of the Genoptix Lien, and Genoptix shall have an allowed general unsecured claim in the amount of $1,140,000.00 on account of the remaining amounts of the Genoptix Claim.  In consideration of the Settlement, Genoptix releases any further lien it holds or may hold against the Debtor's property, including release of any lien on the Debtor's Accounts. A copy of the Trustee's Settlement Agreement with Genoptix is attached hereto as **Exhibit A**.[1]

16.     The Trustee respectfully submits that the terms of the Settlement Agreement satisfy the criteria for approval under Rule 9019.  First, the Trustee negotiated at arms-length with Genoptix. The Trustee believed that he stated meritorious claims against Genoptix, and Genoptix believed it stated meritorious claims against the Debtor.  There was attendant risk and cost for both Parties associated with pursuing the claims, and no assurance that the Court would find in favor of the Trustee.  In light of the foregoing, the Trustee believes the Settlement represents a reasonable and fair resolution of the Parties' claims in a manner that will provide value to creditors of the Debtor's estate.

17.     The second criterion – the likely difficulties in collection – also favors settlement.  It is uncertain whether there would be difficulty in collecting any judgment entered against Genoptix, but the settlement resolves any uncertainty that Genoptix will provide its consideration for the Settlement.

18.     The third criterion also favors settlement. Settlement will enable the Trustee and Genoptix to save the time and expense associated with litigation of their claims against one another.

19.     Finally, the creditors of the Debtor's estate will receive benefits from the Settlement, as the release of the Genoptix Lien will, among other things, facilitate release of the Accounts to the Trustee, providing an estimated $340,000 of unencumbered funds for the benefit of the Debtor's estate and its creditors.

---

[1] To the extent of any conflict between the description of the Settlement herein and the terms of the Settlement Agreement, the term of the Settlement Agreement shall govern.

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Court enter an Order in the form attached hereto approving the Settlement and granting such other relief as the Court deems just and proper.

Dated: November 19, 2020                 ASHBY & GEDDES, P.A.

                                             */s/ Benjamin W. Keenan*
                                             Ricardo Palacio (#3765)
                                             Benjamin W. Keenan (#4724)
                                             500 Delaware Avenue, 8th Floor
                                             P.O. Box 1150
                                             Wilmington, Delaware 19899
                                             (302) 654-1888
                                             bkeenan@ashbygeddes.com

                                             *Counsel for Don A. Beskrone,*
                                             *Chapter 7 Trustee*